UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LAVARIO C. RAY,

        Plaintiff,

v.                                      Case No. 3:22-cv-804-BJD-LLL

CITY OF JACKSONVILLE, et al.,

        Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Lavario C. Ray, an inmate of the Florida penal system, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1; Compl.) and a motion to proceed in forma pauperis (Doc. 2). Plaintiff names the following as Defendants: the City of Jacksonville; the State Attorney's Office for the Fourth Judicial Circuit; an unnamed judge; Robert Cook, a detective; Richard Mantie, an assistant state attorney; Sheila Lozias, an assistant state attorney; and Dianne C. Logston, a notary public. Compl. at 2-4, 11, 12. He asserts his constitutional rights were violated during the investigation that led to his 2004 arrest in Duval County, the resulting prosecution, and his criminal defense. Id. at 3-4, 12. He contends he contracted tuberculosis and COVID-19 while incarcerated. Id. at 5. As relief, he seeks "an

injunction rendering [his] judgement [sic] and sentence null and void" and monetary damages. Id. at 13.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit

A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Plaintiff's complaint is subject to dismissal under the PLRA because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. Not only are some of the Defendants Plaintiff names not subject to suit under § 1983,[1] but because Plaintiff challenges convictions that have not been overturned, his claims are not cognizable in a civil rights action.

When a prisoner challenges solely his current conviction and sentence, his proper avenue to seek relief is through a petition for writ of habeas corpus under 28 U.S.C. § 2254, not a civil rights action under § 1983. Nelson v. Campbell, 541 U.S. 637, 643 (2004). In other words, "where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence," such a claim falls "within the 'core' of habeas corpus and [is] thus

_____

[1] Judges and prosecutors enjoy absolute immunity from suit for actions taken in their official capacities. See Dykes v. Hosemann, 776 F.2d 942, 943 (11th Cir. 1985) (per curiam); Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). Additionally, "[s]tate agencies are not persons under [§] 1983." Smith v. Deal, 760 F. App'x 972, 975 (11th Cir. 2019) (citing Will v. Michigan Dep't of State Police, 491 U.S. 58, 65 (1989)).

not cognizable when brought pursuant to § 1983." Id. (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). See also Hutcherson v. Riley, 468 F.3d 750, 754 (11th Cir. 2006). The Eleventh Circuit has explained the "line of demarcation between a § 1983 civil rights action and a § 2254 habeas claim" as follows:

> When an inmate challenges the "circumstances of his confinement" but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action under § 1983. However, when an inmate raises any challenge to the "lawfulness of confinement or [the] particulars affecting its duration," his claim falls solely within "the province of habeas corpus" under § 2254. Simply put, if the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.

Id. (internal citations omitted).

When an inmate seeks damages arising out of an alleged unlawful conviction or sentence, an action under § 1983 is barred if a judgment in the inmate's favor "would necessarily imply the invalidity" of the underlying conviction. Heck v. Humphrey, 512 U.S. 477, 487 (1994). See also Christy v. Sheriff of Palm Bch. Cnty., Fla., 288 F. App'x 658, 666 (11th Cir. 2008). As such, a plaintiff seeking to recover damages for an 'allegedly unconstitutional conviction or imprisonment' . . . must first prove that his conviction or sentence

has been invalidated." <u>Harvey v. United States</u>, 681 F. App'x 850, 853 (11th Cir. 2017) (quoting <u>Heck</u>, 512 U.S. at 486-87). <u>See also</u> <u>Hall v. Santa Rosa Corr. Inst.</u>, 403 F. App'x 479, 480 (11th Cir. 2010) ("A prisoner may not collaterally challenge the constitutionality of his criminal conviction in a civil suit for damages under § 1983." (citing <u>McClish v. Nugent</u>, 483 F.3d 1231, 1250 (11th Cir. 2007))).

As an initial matter, the Court observes that Plaintiff's claims are unclear because two pages of his complaint are missing. On the civil rights complaint form, Plaintiff wrote "see attached" in the section directing him to set forth his claims and provide supporting facts. Compl. at 5. Plaintiff provides an attachment, which he numbered. <u>Id.</u> at 11-13. But he omitted two of the five pages. <u>Id.</u> In the pages provided—only one of which includes information related to his purported claims—Plaintiff complains that Detective Cook made "false allegations in an application to procure [a] wiretap order," and the prosecuting attorneys and a notary public conspired "to deprive [him] of his Fourth, Fifth, Eighth, and Fourteenth Amendment Right[s], by fraudulently concealing material exculpatory evidence." <u>Id.</u> at 12.

A review of the Duval County criminal dockets shows Plaintiff was convicted in 2005 in two cases: case number 2005-CF-5567; and case number 2005-CF-4840. <u>See</u> Clerk Online Resource ePortal (CORE), available at

https://core.duvalclerk.com/ (last visited July 28, 2022). In case number 2005-CF-5567, Plaintiff was found guilty on three counts, including two counts of first-degree murder for which he was sentenced to life. In case number 2005-CF-4840, Plaintiff was found guilty on four counts, each of which resulted in a life sentence. In that case, however, the First District Court of Appeal held the life sentence imposed on one count (conspiracy to purchase or possession of a controlled substance with intent to sell/purchase/manufacture/deliver) was illegal because Florida law "does not permit [habitual felony offender status] for a felony 'relating to the purchase or the possession of a controlled substance.'" Ray v. Florida, No. 1D15-1379 (Fla. 1st DCA Nov. 5, 2015). The state court thereafter re-sentenced Plaintiff to five years on that count. See CORE, available at https://core.duvalclerk.com/ (last visited July 28, 2022).

Even though Plaintiff was re-sentenced on one count in the second criminal case, his convictions and sentences have not been invalidated. Indeed, the Court takes judicial notice that Plaintiff has a habeas action pending in this Court in which he challenges his 2005 Duval County convictions. See Case No. 3:16-cv-1112-TJC-JBT. Moreover, in the pages of the complaint he submitted, Plaintiff does not state which conviction or sentence he seeks to challenge through this civil rights action, nor does he provide facts explaining the basis of his purported claims. See Compl. at 11-13. In this regard, Plaintiff's

6

allegations are conclusory and, thus, do not satisfy the federal pleading standard. More than conclusory and vague allegations are required to state a cause of action under § 1983 because, "[e]ven under the so-called notice rules of pleading, a complaint must . . . [provide] sufficient detail . . . so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam) (citing Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984)).

Because Plaintiff seeks to challenge convictions that have not been overturned, and because his allegations are incomplete and conclusory, his complaint is subject to dismissal.

Accordingly, it is

**ORDERED:**

1.     This case is **DISMISSED without prejudice**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of August 2022.

BRIAN J. DAVIS
United States District Judge

7

Jax-6
c:    Lavario Ray